```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------

KENNETH JOHNSON,

                        Plaintiff,

        v.                                              3:09-cv-975

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

                        Defendants.

---------------------------------
```

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

On August 28, 2009, Plaintiff filed the instant action against the United States Department of Homeland Security, the Secretary of the Department of Homeland Security, the United States Transportation Security Administration, and the Acting Administrator of the United States Transportation Security Administration asserting claims under Title VII of the Civil Rights Act of 1964. Although the Complaint does mention that "Plaintiff was also employed by Broome County Government Security . . . as a part time Transportation Security Officer," Compl. at ¶ 22, and that "Defendants contacted Broome County Government Security" concerning an investigation into Plaintiff, Compl. at ¶ 42, neither Broome County nor any of its agencies were identified as defendants. Similarly, Broome County was not served with a copy of the summons and complaint.

On December 29, 2009, Plaintiff moved for leave to file an amended complaint joining Broome County Government Security as a defendant.  The proposed amended complaint alleges that Plaintiff received a right to sue letter "on or about September 28, 2009."  Am. Compl. at ¶ 21.  There is no indication in the record that Defendant served a copy of the motion for leave to amend on Broome County.  By Order dated February 11, 2010, the Court granted Plaintiff's motion for leave to file an amended complaint.  Plaintiff filed the Amended Complaint on February 24, 2010.

Presently before the Court is Broome County's motion to dismiss the action against it on the ground that it is untimely because Plaintiff did not file the Amended Complaint until more than ninety days after he received the right to sue letter and Plaintiff is not entitled to the benefit of the relation back doctrine.

**DISCUSSION**

It is well-settled that a Title VII action must be commenced within ninety days of Plaintiff's receipt of a right to sue letter.  42 U.S.C. § 2000-e5(f)(1).  Here, Plaintiff received the right to sue letter on or about September 28, 2009.  The amended complaint was filed on February 24, 2010, well after the expiration of ninety days.  Nevertheless, while there does not appear to be any Second Circuit authority directly on point, several courts have held that the filing of a motion for leave to file an amended complaint tolls the statute of limitations even though the amended complaint will not be filed under after the court rules on the motion.  See Schillinger v. Union Pacific R. Co., 425 F.3d 330, 334 (7th Cir. 2005) (the logic of a such a rule is that "it would be unfair to plaintiffs if a trial court waited months or years to rule."); Moore v. State of Ind., 999 F.2d 1125, 1131 (7th Cir. 1993); Mayes v. AT & T Information Systems, Inc., 867 F.2d 1172 (8th Cir. 1989) (and cases cited therein); Shirk v.

Fifth Third Bankcorp, 2008 WL 4449024, at *18 (S.D. Oh. 2008).  Plaintiff filed his motion for leave to amend on December 29, 2009.  Accordingly, the Court will use this date to determine whether the action against Broome County was timely commenced.

If Plaintiff received the right to sue letter on any date before September 30, 2009,[1] then the instant action would be untimely.  The right to sue letter was mailed from the EEOC in New York City to Plaintiff in Endicott, New York on September 24, 2009.  See Am. Compl. at Ex. F.  "[N]ormally it may be assumed, in the absence of a challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." Sherlock v. Montefiore Medical Center, 84 F.3d 522, 526 (2d Cir. 1996); see also Johnson v. St. Barnabas Nursing Home, 2010 WL 744357 (2d Cir. Mar. 5, 2010) (unpublished). Similarly, absent evidence to the contrary, "it is assumed that a mailed document is received three days after its mailing."  Id. at 525; Johnson, 2010 WL 744357.  In his Amended Complaint, Plaintiff alleges he received the right to sue letter "on or about September 28, 2009" (which is four days after the mailing).  Considering the above presumptions, Plaintiff's allegation in the Amended Complaint, and Plaintiff's failure to oppose the Broome County Defendant's motion to dismiss on the ground that the action is untimely, the Court finds that Plaintiff failed to file his motion for leave to file an amended complaint within 90 days of having received the right to sue letter.  Accordingly, this instant action is untimely.

For the foregoing reasons, Defendant Broome County's motion to dismiss is GRANTED and the Amended Complaint is DISMISSED as to it.

IT IS SO ORDERED.

---

[1] September 30 is ninety days before December 29, 2009.

Dated:April 13, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge