UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH JOHNSON,

                                Plaintiff,

        v.                                            3:09-cv-975

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

Plaintiff filed the instant action against the United States Department of Homeland Security, the Secretary of the Department of Homeland Security, the United States Transportation Security Administration ("TSA"), and the Acting Administrator of the United States Transportation Security Administration (collectively referred to herein as the "federal Defendants") and Broome County Security asserting claims under Title VII of the Civil Rights Act of 1964. Defendant Broome County Security previously moved to dismiss the action. Plaintiff did not file opposition papers. By Decision and Order dated April 14, 2010, the Court dismissed Plaintiff's claims against Broome County Security as untimely. Plaintiff now moves for reconsideration.

**Motion for Reconsideration**

The bases for Plaintiff's motion for reconsideration are that: (1) the notice of motion served by Broome County Security "does not state that a written opposition is required to be

filed and/or by what date any written opposition is required to be filed by;" (2) during the month of April 2010, Plaintiff "did not have the financial resources to purchase ink cartridges or computer paper for the printer attached to [his] desktop computer.  As a result, [he] could not prepare a written opposition . . . .;" (3) he planned to appear for oral argument on the April 23, 2010 return date to orally oppose the motion; and (4) he has a meritorious defense to the motion to dismiss.

For the following reasons, the motion for reconsideration must be denied.  First, under N.D.N.Y.L.R. 7.1(g), a motion for reconsideration must be filed and served "no later than **FOURTEEN DAYS** after the entry of the challenged . . . order."  Broome County Security's motion to dismiss was granted by Decision and Order dated April 14, 2010.  It was mailed to Plaintiff on that same day.  Plaintiff moved for reconsideration on May 14, 2010, more than fourteen days after entry of the challenged order.  Accordingly, the motion for reconsideration is untimely.

Second, on May 14, 2010, Plaintiff filed a notice of appeal of the Court's April 14, 2010, thereby depriving this Court of jurisdiction.  "[B]efore the district court may grant a rule 60(b) motion, [the Second Circuit Court of Appeals] must first give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court."  Toliver v. County of Sullivan, 957 F.2d 47, 49 (2d Cir. 1992).  This matter has not been remanded by the Second Circuit to this Court and, thus, this Court is without jurisdiction to grant a motion for reconsideration.

Third, although Broome County Security's notice of motion did not specify the date upon which responsive papers were due, it was not required to do so.  Under this Court's Local Rules, the moving party is to select a proper return date.  See N.D.N.Y.L.R. 7.1.

Broome County Security selected a proper return date - April 23, 2010.  The notice of motion apprised Plaintiff of that return date.  The Local Rules further provide that "[t]he party opposing the motion must file its opposition papers with the Court and serve them upon the other parties not less than **SEVENTEEN DAYS** prior to the return date of the motion." Id. at 7.1(b)(1).  Accordingly, the Court's Local Rules specify when opposition papers are to be filed.  The Local Rules continue to state that "the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed consent to the granting . . . of the motion . . . unless good cause is shown."

When Plaintiff commenced this action, he was provided a notice that specifically advised him that "[i]f your opponent files a motion and you fail to oppose it, and the moving party has met its burden, the Court may consider your failure to oppose the motion as your consent to the relief requested in that motion." See Dkt. No. 3.  The notice also informed Plaintiff that he could have contacted that Clerk's Office for "information regarding general deadlines and due dates," but warned that he was "responsible for deadlines and due dates applicable to [his] case." Id.  At that time, Plaintiff also was provided with a copy of the Court's Local Rules and the Pro Se Handbook for the Northern District of New York. Id.  Both the Local Rules and the Pro Se Handbook explain the time considerations applicable to motions.  The Local Rules and the Pro Se Handbook inform litigants that parties responding to a motion must file and serve papers at least seventeen days before the return date.  See N.D.N.Y.L.R. 7.1(b)(1); Pro Se Handbook at p. 37.  Finally, if Plaintiff checked the docket sheet, he would have seen that opposition papers were due by April 6, 2010.  Thus, Plaintiff reasonably should have been aware that: (i) he was obligated to file papers in opposition to the motion to dismiss; and (ii) the date by which the papers were required to be filed.

The Court understands that Plaintiff is proceeding *pro se* and should, therefore, be afforded some latitude and "special solicitude." That being said, *pro se* litigants "generally are required to inform themselves regarding procedural rules and to comply with them." LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995). In light of the information that was provided to him and was otherwise readily available to him, Plaintiff's *pro se* status does not excuse his failure to be informed of this Court's rules and procedures and to comply with the deadline for filing opposition papers. See Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006) ("pro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .'") (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)); Iwachiw v. New York State Dept. of Motor Vehicles, 396 F.3d 525, 529 n.1 (2d Cir. 2005); Edwards v. I.N.S., 59 F.3d 5, 8 (2d Cir. 1995); Richardson v. Darden, 2009 WL 414045, at *1 n.2 (S.D.N.Y. 2009) ("[T]he latitude accorded a pro se litigant [does not] excuse him from meeting the requirements necessary to respond to dispositive motions, or from meeting deadlines set by the Court to file opposition."); Hudson v. Lockhart, 554 F. Supp.2d 494, 496 (S.D.N.Y. 2008) (same); LoSacco, 71 F.3d at 92; see also McNeil v. United States, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) (explaining that we "never [had] suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel"); Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) ("liberal construction does not mean liberal deadlines."); Jourodan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

Fourth, the fact that Plaintiff did not have ink or paper for his computer does not excuse a timely filing. This Court's rules do not require typewritten papers. Local Rule

10.1(b) provides that papers must be "plainly and legibly written, typewritten, printed or reproduced. . . ."

Fifth, the fact that Plaintiff wished to oppose the motion orally similarly does not excuse his failure to file opposition papers. This Court's rules require that opposition to a motion be submitted in writing. See N.D.N.Y.L.R. 7.1(a) ("Except as otherwise provided in this paragraph, all motions and opposition to motions require a memorandum of law, supporting affidavit, and proof of service on all the parties."). Moreover, Local Rule 7.1(h) expressly provides that "in the district court judge's discretion . . . the district court judge may dispose of a motion without oral argument. Thus, the parties should be prepared to have their motion papers serve as the sole method of argument on the motion."

Sixth, whether Plaintiff has a meritorious defense is irrelevant to whether he timely complied with this Court's deadlines.

Seventh, treating Plaintiff's motion as a request for an extension of time under Fed. R. Civ. P. 6(b), the request must be denied.  A court may extend times for good cause if the request is made "before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Where, however, the time has expired, a court may extend the time only upon a showing of "excusable neglect."  For the reasons stated above (namely that Plaintiff should reasonably have been aware of the time to file opposition papers or to request an extension of time), the Court finds that he has failed to demonstrate excusable neglect.  See Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003).

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. No. 33) is DENIED.

IT IS SO ORDERED.
Dated: June 23, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge