UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH JOHNSON,

                        Plaintiff,

        v.                               3:09-cv-975

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, et al.,

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

       Plaintiff filed the instant action against the United States Department of Homeland Security, the Secretary of the Department of Homeland Security, the United States Transportation Security Administration ("TSA"), and the Acting Administrator of the United States Transportation Security Administration (collectively referred to herein as "Defendants") asserting claims under Title VII of the Civil Rights Act of 1964.  Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking partial dismissal of Plaintiff's Complaint.  Plaintiff failed to timely file opposition papers.

## I.     FACTS

       The following facts are taken from Defendants' properly supported statement of material facts submitted pursuant to N.D.N.Y.L.R. 7.1(a)(3).  Although Plaintiff was specifically advised of the consequences of failing to respond to a summary judgment

motion, <u>see</u> Dkt. No. 26 at attachment 18, Plaintiff did not timely file opposition papers.[1]

Because Plaintiff has not submitted a proper counter-statement of material facts, the properly

supported facts set forth in Defendants' statement of material facts are deemed to be true.

<u>See</u> N.D.N.Y.L.R. 7.1(a)(3).

"Plaintiff is a 54 year old black African American single male."  Am. Compl. at ¶. 23.

In November 2002, Plaintiff began working for the Department of Homeland Security as a

Transportation Security Officer.  On December 22, 2003, Plaintiff was informed that

Defendant was undergoing "some changes to its workforce to achieve . . . approved staffing

levels."  Def. Ex. A at 292.  Plaintiff was advised that "[w]e have a limited number of positions

available for full-time employees and those are being offered to those who ranked higher

[than Plaintiff] on the [competency-based] tests."  <u>Id</u>.  As a result, Defendant was notified that

he was "at risk of an involuntary conversion to a part-time position" or termination.  <u>Id</u>.

Plaintiff was offered the option of accepting a part-time position with a schedule of 20 hours

per week or being terminated.  <u>Id</u>.  Plaintiff elected the reduction in hours.  <u>Id</u>.  On December

12, 2003, Plaintiff was advised that he was converted to a part-time employee with a

schedule of 20 hours per week.  <u>Id</u>. at 293.  Plaintiff was informed that, if he believed the

---

[1] By letter dated May 12, 2010, Plaintiff requested a thirty day "extension of the return date of the enclosed Notice of Motion until June 28, 2010." Dkt. No. 30.  On May 19, 2010, the Court issued an Order adjourning the motion for summary judgment until the Court's June 25, 2010 motion calendar. The Order specifically advised Plaintiff that he "SHALL FILE OPPOSITION PAPERS THAT COMPLY WITH THIS COURT'S RULES ON OR BEFORE 6/8/2010."  Despite the adjournment and the clear specification of the date by which opposition papers must be filed, Plaintiff did not file his opposition papers until June 9, 2010.  Because these papers are untimely and Plaintiff has not articulated any reason why he should be afforded another extension of time (particularly in light of the fact that his papers are dated June 8, 2010 but he did not bring them to Court for filing and he did not serve them on Defendant until June 9, 2010), the papers will not be considered.  <u>See</u> Fed. R. Civ. P. 6(b); Dkt. 38.

change in his status to be discriminatory, he could contact the Office of Civil Rights within 45 days.

In May 2007, Plaintiff was presented with a Notice of Proposed 14 Day Calendar Suspension for failing to follow instructions.  Id. at 264-67.  Plaintiff responded in writing to the notice.  On or about May 17, 2007, Plaintiff contacted the Office of Civil Rights claiming that he was going to be suspended and that he was refused conversion to full-time on account of his age and race and in retaliation for contacting the ombudsman's office.  Id. at 43-49.  On June 4, 2007, Plaintiff was informed that he would be suspended for 5 (rather than 14) days.

On September 12, 2007, Plaintiff was presented with a Notice of Proposed Removal from Federal Service.  Id. at 23-32.  The notice specified three charges of misconduct as the basis for the removal.  Plaintiff responded in writing to the notice and, on September 15, 2007, he filed a complaint of discrimination.  Id. at 16-17.  On September 20, 2007, Plaintiff was removed from federal service.

On May 22, 2009, an Administrative Law Judge granted the TSA's motion for summary judgment and dismissed Plaintiff's complaint of discrimination.  On May 27, 2009, the Department of Homeland Security issued its Final Agency Decision affirming the dismissal of Plaintiff's claims.

On August 28, 2009, Plaintiff commenced the instant action against Defendants asserting claims of discrimination on account of race, color, age, marital status, and national origin.  Plaintiff also asserted a claim of retaliation.  On February 24, 2010, Plaintiff filed an Amended Complaint asserting claims against Broome County Government Security.  By Decision and Order dated April 14, 2010, the Court granted Broome County's motion to

dismiss the Complaint against it.  Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12, or, in the alternative, for partial summary judgment pursuant to Fed. R. Civ. P. 56.

## II.      STANDARD OF REVIEW

Defendants moved to dismiss pursuant to Rule 12 or, in the alternative, for partial summary judgment pursuant to Rule 56.  Because Defendants put Plaintiff on notice that they were moving for partial summary judgment; Defendants served Plaintiff with a notice informing of the consequences of failing to respond to a motion for summary judgment; and Defendants filed and served materials outside the pleadings, the Court will consider Defendants' motion pursuant to Rule 56.

Rule 56 of the Federal Rules of Civil Procedures governs motions for summary judgment.  It is well settled that on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56( c).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce

evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motion.

## III.   DISCUSSION

### a.   Marital Status

Plaintiff claims that he was discriminated against on account of his being unmarried.  Defendants seek to dismiss Plaintiff's claims insofar as they purport to claim discrimination on account of his marital status.  The marital status claims must be dismissed for several reasons.  First, Title VII does not protect marital status.  See 42 U.S.C. § 2000e-2(a)(1); see also Ford v. Bernard Fineson Development Center, 81 F.3d 304, 310 n.9 (2d Cir. 1996).  While Title VII may cover claims that a person was discriminated on account of his or her gender plus a second characteristic such as marital status, see Fisher v. Vassar College, 66 F.3d 379, 392 (2d Cir. 1995), marital status alone is insufficient.  Id. at 405 ("[M]arital status alone is not a ground for bringing suit under Title VII.  [There must be] a comparison between men and women, similarly situated . . . .").  In his Amended Complaint, Plaintiff does not allege discrimination on account of his gender in connection with his marital status, but only that "married co-workers with less seniority and experience than Plaintiff" were treated differently than he.  See Am. Compl. at ¶¶ 32, 36, 40.  This is insufficient to sustain a Title VII claim.  Further, although 5 U.S.C. § 2302(b)(1)(E) prohibits discrimination on account of

marital status, the Aviation and Transportation Security Act ("ATSA"), section 111(d) of Pub.
Law 107-71, 49 U.S.C. § 44935 note,[2] renders that section inapplicable to the Under
Secretary of Transportation for Security.  Conyers v. Rossides, 558 F.3d 137 (2d Cir. 2009);
Castro v. Sec. of Homeland Security, 472 F.3d 1334 (11th Cir. 2006) (holding that the ATSA
exempts the TSA from certain requirements of the Rehabilitation Act).

Second, Plaintiff failed to exhaust his administrative remedies with respect to
claims based on marital status.  Title VII limits a district court's jurisdiction to "claims that are
either included in an EEOC charge or are based on conduct subsequent to the EEOC charge
which is 'reasonably related to that alleged in the EEOC charge."  Butts v. City of New York
Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir.1993), superseded by statute on
other grounds, Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071.  Claims not
included in an EEOC charge may be asserted in a subsequent civil action if the claims are
sufficiently related to the allegations in the charge and "the conduct complained of would fall
within the scope of the EEOC investigation which can reasonably be expected to grow out of
the charge of discrimination."  Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003) (quotation
marks and citation omitted).

Here, Plaintiff's filings complained of employment discrimination on account of
race, color, and age.  See Am. Compl. at Ex. B.  He also complained of retaliation.  Id.  There

---

[2] That section provides as follows:

*Notwithstanding any other provision of law*, the Under Secretary of Transportation for Security
may employ, appoint, discipline, *terminate*, and fix the compensation, terms, and conditions of
employment of Federal service for such a number of individuals as the Under Secretary
determines to be necessary to carry out the screening functions of the Under Secretary under
section 44901 of title 49, United States Code.

(emphases added).

is insufficient evidence in the record suggesting that Plaintiff raised marital status as a basis for his alleged discriminatory conduct as against the federal defendants.[3]  Further, there is nothing suggesting that the issue of marital status (which is distinct from issues of race and age) was something likely to arise during the scope of the EEO investigation of Plaintiff's complaint.  The Department of Homeland Security framed Plaintiff's complaint as "[w]ether [he was] discriminated against on the bases of race (African-American), color (unspecified), age . . . and retaliation (for initiating this complaint with an EEO Counselor) when on or about September 20, 2007, you were terminated from your position. . . ."  Despite being informed of the "accepted issues", see Def.'s Ex. A. at 128, Plaintiff never objected to this statement of his complaint or sought to expand it to include gender-based or marital status discrimination.

> **b.**     **National Origin**

Plaintiff also claims that he was discriminated against on account of his national origin.  Defendants seek to dismiss the claims based on national origin on the ground that Plaintiff failed to exhaust his administrative remedies.  For reasons similar to those stated above (Plaintiff did not raise the issue of national origin in his EEO filings and the issue of national origin was not likely to arise during the scope of the EEO investigation), Plaintiff failed to exhaust his administrative remedies with respect to any claims based on national origin.

---

[3] Plaintiff did raise the issue of marital status discrimination in the charge of discrimination he filed with the New York State Division of Human Rights as to the County Defendant.  Also, although it appears that Plaintiff did list "gender" on his request for counseling form, see Am. Compl. at Ex. A, Plaintiff did not identify any facts therein supporting a claim of discrimination on account of gender or marital status.  In the request for counseling form, Plaintiff specifically states that males and females with less seniority than he were being promoted over him.  Plaintiff did not complain of gender based discrimination in the complaint of discrimination he filed with the Department of Homeland Security.  Id. at Ex. B.

**c.**    **Failure to Promote**

Plaintiff's Amended Complaint alleges that "[d]uring the course of his employment, the Defendants failed and refused to promote the Plaintiff to a full time worker or supervisor position," Am. Compl. at ¶ 30, and that he observed that Caucasion co-workers with less seniority and experience, married co-workers with less seniority and experience, and younger co-workers with less seniority and experience were promoted to such positions.  Id. at ¶¶ 31-33.  Defendants move to dismiss the failure to promote claim on the ground that Plaintiff failed to identify that he applied for, and was rejected from, any specific opportunities.

The Second Circuit has stated that:

> We read [the Supreme Court cases of] McDonnell Douglas and Burdine generally to require a plaintiff to allege that she or he applied for a specific position or positions and was rejected therefrom, rather than merely asserting that on several occasions she or he generally requested promotion.  This general mandate ensures that, at the very least, the plaintiff employee alleges a particular adverse employment action, an instance of alleged discrimination, by the employer. Moreover, we believe if generally requesting a promotion in an annual review were sufficient to establish a prima facie case, employers would be unfairly burdened in their promotion efforts.  Rather than simply considering individuals who have specifically applied for a promotion, an employer would additionally have to keep track of all employees who have generally expressed an interest in promotion and consider each of them for any opening for which they are qualified but did not specifically apply.

Brown v. Coach Stores, Inc., 163 F.3d 706, 710 (2d Cir. 1998) (referencing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed.2d 668 (1973)) and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 n. 6, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981)).  Thus, to succeed, Plaintiff must "show that [he] applied for a specific vacant position for which [he was] qualified, and that [he] did not get the job."  Velez v. Janssen Ortho, LLC, 467 F.3d 802, 807-08 (1st Cir. 2006); see also Petrosino v. Bell Atlantic, 385 F.3d 210, 227 (2d Cir. 2004) ("the second element of a *prima facie* case cannot be established

merely with evidence that a plaintiff generally requested promotion consideration."). An exception is applicable where: "(1) the vacancy at issue was not posted; and (2) the employee either had (a) no knowledge of the vacancy before it was filled or (b) attempted to apply for it through informal procedures endorsed by the employer." Petrosino, 385 F.3d at 227.

Here, the Amended Complaint alleges generally that Defendant refused and failed to promote Plaintiff. The Amended Complaint does not identify any specific positions for which Plaintiff applied. In opposition to Defendants' motion, Plaintiff has not submitted evidence of any specific positions for which he applied. Further, Plaintiff fails to submit any evidence demonstrating the applicability of the aforementioned exception. Accordingly, the failure to promote claims must be dismissed.

### d.    Reduction-In-Hours

The Amended Complaint also alleges that Defendants reduced Plaintiff's work hours, but that Defendants did not reduce the work hours of other Caucasion, younger, and/or married workers with less seniority and experience. Defendants move to dismiss the reduction-in-hours claim on the ground that Plaintiff failed to properly exhaust his administrative remedies.

As the Second Circuit has explained:

EEOC regulations require an employee suing the federal government [for discrimination] . . . to exhaust certain administrative remedies before initiating a suit in the district court. Thus, an aggrieved agency employee must first seek EEO counseling within forty-five days of the allegedly discriminatory act. See 29 C.F.R. § 1614.105(a)(1). The employee must then file an EEO complaint with "the agency that allegedly discriminated against the complainant." Id. § 1614.106. Within ninety days of that agency's final decision, or after the passage of 180 days from the filing of the complaint with the agency if no final decision has yet been rendered, the complainant may file suit in federal court. See id. § 1614.408.

Boos v. Runyon, 201 F.3d 178, 181 (2d Cir. 2000).  Here, the decision to reduce Plaintiff's

hours occurred in 2003.  Plaintiff did not seek EEO counseling within 45 days of the

reduction of his hours.  Plaintiff offers no basis upon which the 45 day requirement should be

waived or tolled.  Plaintiff similarly offers no reason why Defendants should be estopped from

raising the failure to exhaust administrative remedies as a defense.  The reduction-in-hours

claims must, therefore, be dismissed.

> **e.**       **Transfer Inquiry Claims**

The Amended Complaint further alleges that Defendants repeatedly inquired

whether Plaintiff would be interested in requesting a transfer to another airport, but that

Defendants did not ask other Caucasion, younger, and/or married workers whether they

would be interested in a transfer.  Defendants move to dismiss the transfer inquiry claim on

the ground that it does not present an adverse employment action.

An actionable adverse employment action is "a materially significant disadvantage

with respect to the terms of [Plaintiff's] employment."  Williams v. R.H. Donnelley, Corp., 368

F.3d 123, 128 (2d Cir. 2004) (internal quotation marks omitted), such as "termination of

employment, a demotion . . ., a less distinguished title, a material loss of benefits,

significantly diminished material responsibilities, or other indices . . . unique to a particular

situation," Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (internal

quotation marks and citation omitted).  The Second Circuit has stated that:

> We have defined adverse employment action broadly to include "discharge, refusal
> to hire, refusal to promote, demotion, reduction in pay, and reprimand."  Morris v.
> Lindau, 196 F.3d 102, 110 (2d Cir. 1999).  We have also noted that lesser actions
> may be considered adverse employment actions, citing as examples "negative
> evaluation letters, express accusations of lying, assignment of lunchroom duty,
> reduction of class preparation periods, failure to process teacher's insurance forms,
> transfer from library to classroom teaching as an alleged demotion, and assignment

> to classroom on fifth floor which aggravated teacher's physical disabilities." <u>Id</u>.  And
> we have held that adverse employment actions are not limited to "pecuniary
> emoluments."  <u>Preda v. Nissho Iwai Am. Corp.</u>, 128 F.3d 789, 791 (2d Cir. 1997)
> (citation and internal quotation marks omitted).

<u>Loejoy-Wilson v. NOCO Motor Fuel, Inc.</u>, 263 F.3d 208, 223-24 (2d Cir. 2001).

Here, it is claimed that Plaintiff was asked "on numerous occasions if he would be interested in requesting a transfer of his employment to J.F.K. International Airport in New York City."  Am. Compl. at ¶ 38.  Plaintiff fails to demonstrate how any such inquiries constitute a materially significant disadvantage with respect to the terms and conditions of his employment.[4]

### f.       Failure to File Opposition Papers

As previously noted, Plaintiff did not file opposition papers.  Pursuant to N.D.N.Y.L.R. 7.1(b)(3), "[w]here a properly filed motion is unopposed and the Court determines that the moving party has met its burden to demonstrate entitlement to the relief requested therein, the non-moving party's failure to file or serve any papers as this Rule requires shall be deemed as consent to the granting . . . of the motion . . . unless good cause is shown."  For the reasons stated above, Defendants have met their burden demonstrating their entitlement to summary judgment.  Plaintiff's failure to file and serve papers as required by Local Rule 7.1 is deemed consent to the granting of the motion.

## IV.      CONCLUSION

---

[4] In his complaint filed with Department of Homeland Security, Plaintiff contends that he was asked if he wanted to transfer because his mother was getting an operation in New York City.  Def. Ex. A at 20.  This is not indicative of any material disadvantage to the terms and conditions of Plaintiff's employment.

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Plaintiffs' claims based on: (1) marital status; (2) national origin; (3) a reduction in hours; (4) inquiries whether he wished to be transferred; and (5) failure to promote are DISMISSED.  Plaintiff's claims that he was "reprimanded and disciplined," suspended, and removed from federal service on account of his race, color, and age, and in retaliation for engaging in protected conduct remain.[5]

IT IS SO ORDERED.

Dated:July 12, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

---

[5] Defendants did not move to dismiss these claims.