UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH JOHNSON,

                       Plaintiff,

    v.                                              3:09-CV-00975

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY et al.,

                       Defendants.
_____

Thomas J. McAvoy,
Senior United States District Judge

## DECISION & ORDER

      Defendant filed a motion for sanctions pursuant to the Fed. R. Civ. P. 37 and 41. Magistrate Judge Peebles issued a Report-Recommendation dated April 29, 2011 recommending that: (1) Defendant's motion for sanctions be granted; and (2) Plaintiff's Complaint be dismissed for failure to comply with Fed. R. Civ. P. 26 and 33.

      Plaintiff filed objections to the Report-Recommendation, contending that he should be excused from his failure to comply with his discovery obligations because he was in Jamaica, New York, tending to his terminally illl father.

      When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Plaintiff claims he had a justifiable excuse for not timely providing the Rule 26 mandatory disclosures or responding to Defendant's interrogatories and document demands.  Pl's Objection to R-R, para. 11.  Specifically, Plaintiff asserts that he was in Jamaica, New York, tending to his terminally ill father from February 16, 2011 until his father's death on March 23, 2011.  Plaintiff then arranged for funeral and cremation services until April 7, 2011.  In Plaintiff's objection to the Magistrate Judge's Report-Recommendation, he states:

> Plaintiff has been ready, willing, and able to respond to Defendant's Motion for Sanctions and to comply with the text orders of this Court to submit Rule 26 (a) mandatory disclosures and respond to Defendant's Interrogatories and Request for Production of Documents since his receipt of the last text order of the Court dated April 25, 2011.

Pl.'s Objection to R-R, para. 12.  The Court will now determine whether Plaintiff has a justifiable excuse which warrants a denial of dismissal as the appropriate sanction.

Once the time for performing an act has expired, a litigant, by making a motion, may obtain an extension of time by demonstrating that he" failed to act because of excusable neglect."  Fed. R. Civ. P. 6 (b).  "Excusable neglect is an 'elastic concept' that 'at bottom [is] an equitable one, taking account of all relevant circumstances surrounding the party's omission."  Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (citations omitted).  "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it

was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Silivanch, 333 F.3d at 366 (alteration in original) (quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489 (1993)). The Court places the most weight on the third factor. See Silvanch, 333 F.3d at 366.

Here, although Plaintiff's father's death was not within his control, when considering all other factors, Plaintiff has not proven that he acted with excusable neglect. Plaintiff, knowing that dismissal was impending unless he promptly complied with the Court's Order, did not notify the Court or opposing counsel that he would be away, nor did he request any extensions of time. See Long v. Carberry, 151 F.R.D. 240, 243 (S.D.N.Y. 1993) (noting that if a plaintiff required additional time to respond to defendant's motion to dismiss, "he should have employed the proper procedure which would have been to file an application for an extension of time.")

Plaintiff's lack of good faith is evidenced by his prior nonparticipation in the discovery process, when Defendant has been fully compliant with the Uniform Pretrial Scheduling Order. Plaintiff states he was "ready, willing, and able" to participate in the discovery process "since his receipt of the last text order of the Court dated April 25, 2011." However, Plaintiff should have been "ready, willing, and able" to cooperate in the discovery process since August 20, 2010, when the pretrial conference took place and Magistrate Judge Peebles explained in detail Plaintiff's mandatory disclosure obligation. See Dkt. 59 at 3; see also Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1062, 1068 (2d Cir. 1979) (noting that sanctions must be weighed in light of the full record in the case). To date, more than seven months later, Plaintiff has not provided

the mandatory initial disclosures nor has he responded to Defendant's discovery requests.

Assuming, *arguendo*, Plaintiff could successfully prove that the circumstances between February 16 and April 7, 2011 do in fact constitute excusable neglect, Plaintiff admits to not being "ready, willing, and able" to comply with Magistrate Judge Peebles's February 14th Order until April 25, 2011, nearly three weeks after the end of the claimed period of excusable neglect.  However, it is not for the parties to determine when they are "willing" to comply with a judge's order.  "[A]ll litigants, including pro ses, have an obligation to comply with court orders." Minotti, 895 F.2d at 103 (citation and internal quotation marks omitted).  "When they flout that obligation, [pro ses], like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); see also Daval Steel Products, a Div. Of Francosteep Corp. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir. 1991) ("The court's order also functions as a final warning that sanctions are imminent, and specifically informs the recalcitrant party concerning its obligations.").

Having reviewed the record *de novo* and having considered the issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Peebles for the foregoing reasons, in addition to those stated in the Report-Recommendation.

It is therefore ORDERED that Defendant's motion for sanctions be granted, and Plaintiff's complaint be dismissed with prejudice for failure to comply with Rules 26 and 33 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: June 27, 2011

*Thomas J. McAvoy* (signature)
Thomas J. McAvoy
Senior, U.S. District Judge